UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00087-KDB-DCK

| | |
|---|---|
| MALIQ ANTHONY MARSHALL-HARDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IREDELL COUNTY, et al., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and on Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2].

**I.      BACKGROUND**

Pro se Plaintiff Maliq Anthony Marshall-Hardy ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on July 6, 2020.[1] [Doc. 1]. Plaintiff names the following as Defendants in this matter: (1) Iredell County; (2) Dell Graham, identified as a Judge in Iredell County; (2) Edward Hedrick, identified as a Judge in Iredell County; (3) Christine Underwood, identified as a Judge in Iredell County; (4) Sarah Kirkman, identified as a District Attorney in Iredell County; (5) Scott Cranford, identified as a District Attorney in Iredell County; (6) Shawn Savage, identified as a Correctional Officer in Iredell Country; and (7) Darren Campbell, sued in his official capacity and identified as the Iredell County Sheriff. [Doc. 1 at 1-4].

Plaintiff brings eighteen different claims against these Defendants, asserting violations of

---

[1] In his motion to proceed in forma pauperis in this matter, Plaintiff states that he has "been incarcerated for the last 8 months" and attaches what appears to be a trust account statement from a correctional facility dated June 11, 2020 to his IFP motion. [Doc. 2 at 5, 6-7]. The address for Plaintiff in the docket in this matter, however, is a residential address in Statesville, North Carolina. As such, it is unclear whether Plaintiff is currently incarcerated.

his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. [Doc. 1 at 13-18]. In generally describing the nature of his case, Plaintiff alleges as follows:

> This matter is being brought to the court because upon the Plaintiff who represents himself, bring to the attention he did not had a probable cause hearing the defendants turned a blind eye to the situation, also one of the defendants has honassly [*sic*] infringed on the Plaintiff ability to represent himself by removing legal material with no clear security threat from the Plaintiff and enforcing cruel and unusual punishment on the Plaintiff by making his subordinates strip the Plaintiff and throw him in isolation with no recorded paperwork or violation of the facility's rules and regulations for 14 days, in conclusion the last defendant has stripped [illegible] of freedom of press into the facility, which left the Plaintiff is a state of ignorance too current Pandemic of 2019-2020[.]

[Doc. 1 at 2 (grammatical errors uncorrected)].

For injuries, Plaintiff claims he was unlawfully incarcerated, "subjected to nontraditional methods of punishment which could be seen as torture," deprived of access to newspapers, radios, and television," has lost gainful employment, and is "currently being solicited into taking a guilty plea to keep a country's statistics in good reports." [Id.].

For relief, Plaintiff seeks $1.2 million in damages, "complete exspunction" [*sic*] of his felony record, and injunctive relief. [Doc. 1 at 14, 16].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal

2

construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that Plaintiff's Complaint suffers from several deficiencies.

First, with the possible exception of Plaintiff's claim against Defendant Savage, to the extent Plaintiff was convicted of the offense that is the subject of his Complaint (and this conviction has not been vacated), Plaintiff's claim is barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, including the allegation that Plaintiff was "currently being solicited to take a guilty plea," a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a conviction

3

has been reversed or otherwise invalidated.  Therefore, his Complaint may be barred by Heck.

Further, it appears Plaintiff's Complaint, again with the possible exception of Defendant Savage, may also be barred by Younger v. Harris.  In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances.  401 U.S. 37, 43-44 (1971).  Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).  Here, the Court lacks sufficient information to determine whether the elements of Younger have been met, but they very well may be.

To the extent Plaintiff Heck and Younger do not apply, Plaintiff has, nonetheless, failed to state a claim as to Defendants Iredell County, Graham, Hedrick, Underwood, Kirkman, and Cranford.  Defendant Iredell County is not subject to suit under § 1983.  Defendants Graham, Hedrick, and Underwood are immune from suit under the doctrine of judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).  Further, prosecutorial immunity bars Plaintiff's claims against Defendants Kirkman and Cranford.  Imbler, 424 U.S. 409.  Finally, Plaintiff's claim against Defendant Campbell in his official capacity as Sheriff also necessarily fails.  Such a claim

4

is a claim against the office of Sheriff itself, which is not a legal entity subject to suit under § 1983. As such, these defendants would be subject to dismissal even if Plaintiff's Complaint is not barred by Heck and/or Younger.

As to Defendant Savage, identified as a Correctional Officer in Iredell Country, Plaintiff alleges that, on December 31, 2019, Defendant Savage seized Plaintiff's legal documents, which included "motions to be filed that week, legal mail, and legal literature." Plaintiff claims this "has hindered the Plaintiff's [criminal] case." [Doc. 1 at 12]. Plaintiff also alleges that, on the same day, Defendant Savage "forcibly removed the Plaintiff out of his living quarters for asking for cleaning supplies to sanitize the dormitory." [Id.]. Plaintiff claims that Defendant Savage handcuffed Plaintiff too tightly and ordered his subordinates to remove Plaintiff's clothing and undergarments and forced Plaintiff to "put back on his detention facility uniform." [Id.]. Plaintiff was then moved "to an isolation chamber" for 14 days with no shower until the fifth day. [Id.]. Plaintiff further alleges that on January 13, 2020, he "went to court without his legal documents he had in order to petition the courts properly, and almost took a plea in order to get out of the cruel and unusual punishment being served on him with no paperwork outlining infractions of the facility rules that were broken by the plaintiff; even though he was not ignorant to previous violations by others within the County's maniple [sic] department." [Id. at 13]. Plaintiff claims this conduct violated his rights under the Fourth and Eighth Amendments.

Without more, even taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court cannot identify how Defendant Savage violated Plaintiff's constitutional rights given the entirety of the circumstances alleged. As such, the Court will allow Plaintiff thirty (30) days to amend his Complaint to more fully and particularly allege his claim(s) against Defendant Savage, if he so chooses.

5

The Plaintiff is advised that to amend his Complaint, Plaintiff may not simply add or modify allegations to his already existing Complaint.  Rather, he must submit an amended complaint that contains all claims he intends to bring in this action.  That is, a plaintiff may not amend his Complaint in piecemeal fashion.  Furthermore, once Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims.  Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint against Defendant Savage in accordance with the terms of this Order.  If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. Defendants Iredell County, Graham, Hedrick, Underwood, Kirkman, Cranford and Campbell are dismissed.  See 28 U.S.C. §§ 1915(e).

3. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

4. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint if he so wishes.

**IT IS SO ORDERED**.

Signed: August 28, 2020

Kenneth D. Bell
United States District Judge